**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30378 |
| Plaintiff - Appellee, | D.C. No. 9:11-cr-00008-DWM-1 |
| v. | |
| WILLIAM RICHARD NIELSEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 4, 2013[**]
Seattle, Washington

Before: O'CONNOR, Associate Justice (Ret.),[***] and TALLMAN and BEA,
Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sandra Day O'Connor, Associate Justice (Ret.) for the United States Supreme Court, sitting by designation.

Defendant-Appellant, William Richard Nielsen, appeals his sentence of 480 months for violating 18 U.S.C. § 2422(b). We affirm the district court.

Nielsen pleaded guilty to coercing and enticing a minor in violation of 18 U.S.C. § 2422(b). His sentence was vacated by this court. *United States v. Nielsen*, 694 F.3d 1032 (9th Cir. 2012). On remand, the district court considered the recommended sentence range of 188–235 months, calculated under U.S. Sentencing Guidelines Manual § 2G1.3. The district court exceeded that range and imposed a sentence of 480 months' imprisonment followed by a lifetime term of supervised release. Nielsen contends (1) that the district court erred in failing to consider a cross-reference to U.S. Sentencing Guidelines Manual § 2A3.1 contained within § 2G1.3 and (2) that his sentence is not substantively reasonable.

U.S. Sentencing Guideline § 2G1.3(c)(3) provides that if "the offense involved conduct described in 18 U.S.C. § 2241 or § 2242, apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse), if the resulting offense level is greater than that determined [under U.S. Sentencing Guidelines Manual § 2G1.3]." Here, the district court did not plainly err in failing to discuss or apply the cross-reference to § 2A3.1. Assuming without deciding that Nielsen's offense of enticing a minor from her home in Wyoming to Montana in violation of 18 U.S.C. § 2422(b) involved conduct described in § 2241 or § 2242,

2

triggering the possible application of the cross-reference,[1] we are confident that no plain error occurred because Nielsen cannot show that any error would have affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 734–35 (1993). If anything, as Nielsen conceded in his opening brief, he benefitted from any potential district court error—his total offense level would have been higher had the cross-reference applied. There was no effect on Nielsen's substantial rights and no plain error. *Id.*

Nor did the district court abuse its discretion in imposing a sentence of 480 months. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). Here, the district court properly considered the sentencing factors enumerated in 18 U.S.C. § 3553(a). Because we conclude that the sentence of 480 months' imprisonment is not illogical, implausible, or without support in inferences that may be drawn from the record, *United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc), we affirm Nielsen's sentence.

**AFFIRMED**.

---

[1] The cross-reference would only apply if Nielsen's conduct amounted to aggravated sexual abuse in violation of 18 U.S.C. § 2241; conduct amounting to a violation of 18 U.S.C. § 2242 would not result in a greater offense level under U.S. Sentencing Guidelines Manual § 2A3.1 than it would under § 2G1.3, so the cross-reference would not apply.